FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

13 JUL 23 PH 4:06

RRAPANZA DANNER,
Minor Z. K.,
Plaintiffs,

vs.
CASE NO.:_____
CHILDREN'S HOME SOCIETY
Defendants.
_____/

DEMAND FOR JURY TRIAL

8:13CV1904T27TGW

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff RRAPANZA DANNER, and MINOR Z. K., hereinafter called "Plaintiff(s)" or "Danner," by and through their undersigned advocate, and hereby files this Complaint against the Defendant Children's Home Society ("CHS") and respectfully states:

### I. Jurisdictional Statement

1. This cause of action arises under the Americans With Disabilities Act (ADA) of 1990, as amended.

2. The United States District Court has jurisdiction pursuant to the federal questions raised in this cause of action.

3. The Plaintiff has been, and is, during all times material and pertinent to this cause of action, a resident of Tampa, Hillsborough County, Florida.

4. The Defendant, CHS, is a private non-profit corporation with a principle office or operation located at 1485 S. Semoran Blvd., Suite 1402, Winter Park, FL. 32792.

5. The U.S. Equal Employment Opportunity Commission issued a Notice of Suit Rights dated March 6, 2013. **(Exhibit A)**.



Original Complaint
Rrapanza Danner, Minor Z. K. v. Children's Home Society
Page 2

## II. Background Facts

6. The Plaintiff hereby re-alleges and re-states paragraphs 1 through 5.

7. The Plaintiff was initially hired in October 2005 as a Dependency Case Manager.

8. In July 2009, she was promoted to Supervisor Dependency Case Manager.

9. In October 2009, she was diagnosed with having a permanent disability.

10. During this time, her disability became worse, and she took a leave of absence from CHS while availing herself of leave benefits pursuant to the Family and Medical Leave Act (FMLA).

11. Plaintiff was able to return to work in February 2010 with restrictions following a compound evaluation, which is what CHS has said the Plaintiff needed to return to work.

12. After falling on the job, CHS officials would not allow the Plaintiff to see either of two incident reports; nor was the Plaintiff allowed to sign those reports, as that would have followed protocal.

13. On or about October 2010, CHS held a safety meeting on the second floor of the building, where the Plaintiff worked, during which, the Plaintiff specifically asked, "What am I to do if there is a fire, and I am not able to use the elevator?" The Program Manager then stated, "Well, I guess that you will have to jump." The Plaintiff requested some form or reasonable accommodation. That is, the Plaintiff wanted some form of reasonable accommodation, such as relocating her work station to the first floor of the building. No accommodation was made.

14. After the Plaintiff expressed concerns regarding her requests for accommodations,

Original Complaint
Rrapanza Danner, Minor Z. K. v. Children's Home Society
Page 3

CHS had a representative interview her. However, after this initial interview, the Plaintiff never heard from another CHS representative.

15. In November 2010, the Plaintiff was placed on **involuntary** medical leave and told that she would need a "comp. evaluation" or a "functional capacity evaluation" before she could return to work.

16. In December 2010, the Plaintiff submitted to, and received, a "functional capacity evaluation" (FCE), . A copy of her FCE report was provided to the Human Resources Officer Mary Onate by the Plaintiff, who informed the Plaintiff that she **could not return to work.** In fact, the Plaintiff was then told that she was a huge liability to the company, in **BLANTANT and MALICIOUS RESPECT of FMLA provisions.** The FCE report, however, stated (or conveyed in no uncertain terms) that the Plaintiff wasfully capable of performing tasks and duties of Dependency Case Manager orDependency Case Manager Supervisor. Nevertheless, the Plaintiff was never called in or informed to return to work after the **involuntary** medical leave. Meanwhile, the Plaintiff awaitedaresponse from CHS as to what her next step should be.

17. On February 8, 2011, CHS granted the Plaintiff a "Disability Leave of Absence (LOA). According to the CHS Employee Handbook: *"The leave of absence shall last a maximum of one (1) year from the beginning date of leave. Because CHS' operations require that vacant positions be filled, a leave of absence under this section (which does not qualify as FMLA leave) does not guarantee that the job will be available when you*

Original Complaint
Rrapanza Danner, Minor Z. K. v. Children's Home Society
Page 4

*return. An effort, however, will be made to place you in your previous position or a comparable job that you are qualified to perform."*

18. Although the Defendant's Handbook states that "[a]n effort... will be made to place you in your previous position...," the Defendant made no effort to place the Plaintiff into her previous position.

19. In February 29, 2012, the Defendant terminated the Plaintiff's employment because the Plaintiff had not returned to active status. That is, although CHS failed to allow her to return to work, CHS considered the Plaintiff's termination of employment "voluntary. **The Plaintiff remained eligible for rehire status until her death on July 4, 2013. She only needed disability accommodation, as she was lawfully due by federal law.**

20. However, the Defendant had an available position for DependencyCase Manager Supervisor open as early as January or February of 2011; and yet, eventhough the Defendant has a copy of the Plaintiff's FCE report, the Defendant failed todischarge its duty to reasonably accommodate the Plaintiff's disability.

### III. Count I. Disparate Treatment (Wrongful Termination); ADA

21. The Plaintiff hereby re-alleges and re-states paragraphs 1 through 20.

22. The Plaintiff belongs to a protected group in that she has a bona fide disability, as is defined by the Americans With Disabilities Act (ADA) of 1990, as amended.

23. In November 2010, the Plaintiff requested a reasonable accommodation from the Defendant. That reasonable accommodation simply asked the Defendant to move the Plaintiff from the second floor of the building to the first floor, so that the Plaintiff would

Original Complaint
Rrapanza Danner, Minor Z. K. v. Children's Home Society
Page 5

not be subjected to a fire hazard. At all times, the Plaintiff remained capable, ready, and able to perform her job duties.

24. In December 2010, the Plaintiff attained a functional capacity evaluation ("FCE"). In January or February 2011, the Plaintiff attained a copy of her FCE report and submitted it to the Defendant's HR Representative Mary Onate. Ms. Onate acknowledged receipt of the FCE but still told the Plaintiff that she could not return to work. On February 8, 2011, the Plaintiff was placed on a one-year administrative disability leave.

25. According to the Defendant's own policy, CHS had a duty to make an effort to return the Plaintiff to her previous job or to a comparable job.

26. On February 29, 2012, the Defendant subjected the Plaintiff to an "adverse job" action, when it terminated the Plaintiff.

27. The Defendant failed to engage in a *meaningful interactive process* with the Plaintiff, in order to determine the Plaintiff's eligibility for employment in available jobs. The Defendant also failed to make a good faith effort to return the Plaintiff to her prior job or to a comparable job.

28. WHEREFORE, the Plaintiff hereby seeks **a jury trial** and remedies against the Defendant in the form of:

a. Payment related to the reinstatement amount due up until her death on July 4, 2013

b. Back-pay

c. Front-pay in lieu of the reinstatement amount due up until her death on July 4, 2013.

Original Complaint
Rrapanza Danner, Minor Z. K. v. Children's Home Society
Page 6

d. Non-economic damages

e. Reimbursement of any costs incurred towards the processing this case

f. Whatever remedies deemed appropriate by this honorable court

g. Punitive damages

RESPECTFULLY SUBMITTED:

*/s/ Taajwarr Muhammad*

Rrapanza Danner, Minor Z. K., Pro Se Plaintiffs
c/o Advocate Taajwarr Muhammad
11009 Lakewood Pointe Dr., #203
Seffner, FL 33584
(813) 728-1580

## CERTIFICATE OF SERVICE AND NOTICE OF INTENT

I HEREBY CERTIFY that I have provided a true and correct copy of the foregoing instrument to Joann M. Bricker, Esquire, 12356 Arbor Drive, Ponte Vedra Beach, FL 32082 on or about July 23, 2013.

I ALSO HEREBY CERTIFY that this case is submitted with the most honorable intent.

*/s/ Taajwarr Muhammad*

Taajwarr Muhammad, Advocate for the Plaintiffs

---

I received assistance from a member of the Florida Bar in helping draft this complaint.