UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RRAPANZA DANNER
and MINOR Z.K.,

    Plaintiffs,

v.                      CASE No. 8:13-CV-1904-T-27TGW

CHILDREN'S HOME SOCIETY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the complaint filed in this case, which alleges a violation of the Americans with Disabilities Act on behalf of a deceased individual. Because the complaint fails to state a claim upon which relief may be granted, I recommend that the plaintiffs' complaint (Doc. 1) be dismissed.

The person allegedly aggrieved in the complaint is deceased. The plaintiffs, who are of unknown relation to the aggrieved person, have not stated any basis for asserting these claims on behalf of the deceased. See Flast v. Cohen, 392 U.S. 83, 88 n.20 (1968)(a general standing limitation imposed

by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties). Moreover, the complaint is not signed by a plaintiff or an attorney (Doc. 1, p. 6), and the plaintiffs have neither paid the filing fee nor completed a motion to proceed in forma pauperis. See 28 U.S.C. 1915.*

Thus, even construing the plaintiffs' complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiffs' complaint is procedurally deficient and fails to state a claim on which relief may be granted. Accordingly, the complaint should be dismissed. §1915(e)(2)(B)(ii); Thompson v. Adamson, 2007 WL 2415185 at *1 (11th Cir. 2007)(unpub. dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25(1989)(federal courts have discretion to dismiss pro se complaints if they lack an arguable basis in fact or in law)). In this circumstance, however, it is appropriate to permit the plaintiffs to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis

---

*Instead, a Motion to Proceed *In Forma Pauperis* was completed by "Taajwarr Muhammad," a purported "[a]dvocate for the Plaintiffs" (Doc. 2, p. 1; Doc. 1, p. 6) Because Muhammad is not a named plaintiff and has not stated any basis for standing in this action, Muhammad's motion is denied by a separate Order.

complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.). I therefore recommend that the complaint be dismissed, but allow the plaintiffs to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure (and, in particular, states a cognizable basis for their standing), and an application to proceed in forma pauperis.

Respectfully submitted,

DATED: July 29, 2013

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).